1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| ROY L. SHIVERS, III, | )  1:07cv0004 OWW SMS |
| | ) |
| Plaintiff, | )  FINDINGS AND RECOMMENDATION |
| | )  REGARDING DISMISSAL OF ACTION |
| v. | ) |
| | ) |
| DEPUTY DISTRICT ATTORNEY | ) |
| MICHELLE LEVINE, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

9
10
11
12
13
14
15
16

17      Plaintiff ROY L. SHIVERS, III, ("Plaintiff"), a state prisoner proceeding pro se and in

18  forma pauperis, filed the instant action on January 3, 2007.  He names Deputy District Attorney

19  Michelle Levine and Detectives Mark Shumway and Gary DeVinna as Defendants.  Plaintiff

20  alleges violations of his Fourth and Fourteenth Amendment rights.

21                                        **DISCUSSION**

22  A.    Screening Standard

23      The Court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

26  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

27  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

28  §§ 1915A(b)(1)-(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to

1   state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint

2   can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000).

3         In reviewing a complaint under this standard, the Court must accept as true the allegations

4   of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740

5   (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick

6   v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

7   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8   B.    Analysis

9         Although portions of Plaintiff's complaint are very difficult to decipher, it appears that he

10  alleges violations of his Fourth and Fourteenth Amendment rights stemming from an August

11  1995, arrest.  He contends, without much factual explanation, that the arresting officers and

12  District Attorney acted in bad faith because they knew, or should have known, that the charges

13  were false.  He further alleges that the arresting officer conducted a search and seizure without

14  probable cause.  For relief, Plaintiff requests a press release and media attention, injunctive relief

15  and punitive damages.

16        There are numerous deficiencies in Plaintiff's complaint.  However, the Court will not

17  discuss each issue because, as a threshold matter, his complaint is not cognizable as an action

18  pursuant to 42 U.S.C. § 1983.  When a prisoner challenges the legality or duration of his custody,

19  or raises a constitutional challenge which could entitle him to an earlier release, his sole federal

20  remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny,

21  907 F.2d 874 (9th Cir. 1990).  Moreover, when seeking damages for an allegedly

22  unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction

23  or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by

24  a state tribunal authorized to make such determination, or called into question by a federal

25  court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck v. Humphrey, 512 U.S.

26  477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence

27  that has not been so invalidated is not cognizable under § 1983."  Id. at 488.

28

1    Here, Plaintiff's allegations are directly related to the legality of his custody and therefore

2  must be brought in a petition for writ of habeas corpus.  As Plaintiff cannot remedy this

3  deficiency, the Court recommends that the complaint be dismissed without leave to amend.

4                                                    **RECOMMENDATION**

5    Accordingly, the Court recommends that this action be DISMISSED WITHOUT LEAVE

6  TO AMEND.

7    These Findings and Recommendations are submitted to the Honorable Oliver W.

8  Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C.

9  § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District

10  Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any

11  party may file written objections with the court and serve a copy on all parties.  Such a document

12  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

13  Replies to the objections shall be served and filed within ten (10) court days (plus three days if

14  served by mail) after service of the objections.  The Court will then review the Magistrate

15  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

16  objections within the specified time may waive the right to appeal the District Court's order.

17  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18

19  IT IS SO ORDERED.

20  **Dated:    May 4, 2007**                                    **/s/ Sandra M. Snyder**
                                                           UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

3